# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5840 | **DATE** | 4/12/2013 |
| **CASE TITLE** | Pryor vs. United Air Lines | | |

**DOCKET ENTRY TEXT**

The Court gives Plaintiff 14 days from the date of this order to brief whether venue would be proper in the Eastern District of Virginia and, assuming that venue is proper in the Eastern District of Virginia, whether the case ought to be transferred there for the convenience of the parties and witnesses and in the interest of justice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Renee Pryor is employed by Defendant United Air Lines, Inc. as a flight attendant. Plaintiff has sued her employer asserting claims for race and sex discrimination, harassment, and retaliation under Title VII, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981. According to her complaint, Plaintiff twice received threatening and racist letters in her company mailbox at the Washington-Dulles Airport. After receiving the threats, Plaintiff alerted her supervisor, human resources, and the Washington-Dulles Airport police. Plaintiff also mailed complaints to Defendant's Employee Service Center at its corporate headquarters in Chicago. Plaintiff's complaint further alleges that she was harassed by non-African-American flight attendants based on a rumor that female African-American flight attendants based at Dulles were involved in prostitution.

Defendant has moved to dismiss Plaintiff's complaint under Rule 12(b)(3) or to transfer the case to the Southern District of Texas, Houston Division, under 28 U.S.C. § 1404(a) (if venue is proper in this district) or § 1406(a) (if venue is improper in this district). Defendant argues that venue is improper in this district — and so the case should be dismissed under Rule 12(b)(3) — because it is not where the allegedly unlawful employment practices occurred or where Plaintiff's employment records are kept, nor is it where Plaintiff would have worked but for the alleged unlawful employment actions. If the Court chooses to transfer rather than dismiss the case, Plaintiff contends that the Court should send the case to the Southern District of Texas because that is where Plaintiff's employment records are maintained and administered.

Plaintiff counters that venue is proper in this district because she sent her complaints to Defendant's corporate headquarters in this district, where her records are stored and where the alleged unlawful employment action occurred ("the failure to prevent, investigate, and correct the harassment"). [27 at 1]. Although Plaintiff resides in the Southern District of Texas, she opposes Defendant's argument that the Southern District of Texas is a more convenient venue.

Reviewing Defendant's motion, the Court was struck by the oddity of the parties' positions: Defendant is

**STATEMENT**

trying to move the case out the judicial district where its corporate headquarters is located and Plaintiff wants to keep the case from being transferred to the judicial district in which she lives. Surprisingly, neither party argued that the case should be heard in Virginia, where Plaintiff received the racist threats and where she reported the incidents to her supervisor and the police. This possibility appears to have dawned on Defendant in its reply brief where it argues that the Eastern District of Virginia would also be a proper venue because "[t]he crux of this case is the alleged failure of Dulles-based managers to take action in response to Plaintiff's complaint. Those managers, including Mary Kay Panos, Richard Reyes, Alex Barreto, George Bellomusto, and Denise Robinson-Palmer are all based at Washington-Dulles Airport in Dulles, Virginia. * * * Alice Zauner, Human Resources Manager, Corporate, investigated one of Pryor's complaints (with the help of local management) and another Manager, Human Resources, who is based in Dulles, investigated her second complaint." [28 at 6].

Defendant makes a persuasive argument that venue would be proper in the Eastern District of Virginia. And whether or not venue is also proper in this district or in the Southern District of Texas, the Eastern District of Virginia may be the most convenient district. Unfortunately, because Defendant raised the possibility of transfer to the Eastern District of Virginia for the first time in its reply brief, Plaintiff has not had an opportunity to respond to Defendant's suggestion. Thus, the Court gives Plaintiff 14 days from the date of this order to brief whether venue would be proper in the Eastern District of Virginia and, assuming that venue is proper in the Eastern District of Virginia, whether the case ought to be transferred there for the convenience of the parties and witnesses and in the interest of justice.

Finally, the Court notes that although Defendant has argued that the Southern District of Texas and not the Eastern District of Virginia would be the more convenient forum, it is well-established that "a court's authority to transfer cases under § 1404(a) [or 1406] does not depend upon the motion, stipulation, or consent of the parties to the litigation." *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990); *Nicholas v. Conseco Life Ins., Co.*, 2012 WL 1831509, at 3 n. 2 (N.D Ill. May, 17, 2012) (a district court may transfer under § 1404(a) on its own motion); see also *Shaddix v. Keeton Corrections, Inc.*, 2012 WL 4574739, at *1 (W.D. Wis. Oct. 4, 2012) ("a district court may transfer a case on its own motion under § 1406, and has broad discretion in deciding to do so") (citing *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987)).